[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In the first count, the plaintiff seeks damages based on the defendants' discontinuation of worker's compensation benefits to him in violation of General Statutes § 31-296a.[1] The defendants are the American Hardware Mutual Insurance Co., the worker's compensation insurer of the plaintiff's employer; Compass Investigators Adjusters, Inc., which is alleged to be American Hardware's agent; and Craig Powell, Compass' agent. The second count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA) based on the same operative facts alleged in the first count. The defendants move to strike both counts of the complaint for failure to allege a legally sufficient cause of action.
In Brosnan v. Sacred Heart University, Superior Court, Judicial District of Fairfield, No. 333544 (20 Conn. L. Rptr. 509
(1997), I held that a civil action, including an action under CUTPA, for money damages against an employer and a worker's compensation insurer may not be maintained for the unreasonable contest of a worker's compensation claim and delay in paying worker's compensation benefits. Such tort actions are contrary to the overall scheme and intent of the workers' compensation act. I have recently adhered to that opinion in Nicolelli v. ContinentalCasualty Co., Superior Court, Judicial District of New Haven, No. 414441 (October, 1999) , a case which illustrated how such tort actions may result in inconsistent findings by the worker's compensation commission and the superior court. I continue to adhere to the opinion expressed in Brosnan.
The second count of the complaint is untenable for another reason. Adjusters as well as insurers are "persons" within the CT Page 15854 ambit of General Statutes § 38a-815 of the Connecticut Unfair Insurance Practices Act (CUIPA). CUIPA reflects a legislative determination that isolated instances of unfair insurance settlement practices are not so violative of public policy as to permit a cause of action under CUTPA. Mead v. Burns,199 Conn. 651, 509 A.2d 11 (1986). Only an isolated act, at best, is alleged in the second count. For this reason, it does not state a legally sufficient CUTPA claim.
The motion to strike is granted.
Bruce L. LevinJudge of the Superior Court